IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CAMERON and KATIE CAMERON, as Guardians Ad Litem for S.C., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>SISSETON SWIMMING POOL ASSOCIATION, INC., CITY OF SISSETON, SOUTH DAKOTA, and DAVID STAUB,<br><br>Defendants. | Civ. 20-1004<br><br>**COMPLAINT<br>AND<br>DEMAND FOR A JURY TRIAL** |

COME NOW the Plaintiffs, Christopher Cameron and Katie Cameron, as Guardians Ad Litem for S.C., a minor, for their Complaint against the above-named Defendants, and hereby state and allege as follows:

## PARTIES

1.  Plaintiffs Christopher Cameron and Katie Cameron ("Plaintiffs") are residents of West Fargo, Cass County, North Dakota, and are the father and mother, respectively, of S.C., a minor born on July 4, 2011, who is also a resident of West Fargo, Cass County, North Dakota. Plaintiffs were appointed Guardians ad Litem of S.C. by the Honorable Susan L. Bailey of the East Central Judicial District of North Dakota (Case No. 09-2020-CV-00193) on January 21, 2020. The Order Appointing Guardian Ad Litem and Letters of Guardianship Ad Litem are attached hereto. Plaintiffs are citizens of the State of North Dakota.

2. To the best of Plaintiffs' knowledge, Defendant Sisseton Swimming Pool Association, Inc. ("the Association") is a domestic nonprofit corporation that operates and maintains a swimming pool ("the Pool") located in Sisseton, Roberts County, South Dakota, located at 11709 461st Avenue, Sisseton, South Dakota, 57262-7025. The Association is a citizen of the State of South Dakota.

3. To the best of Plaintiffs' knowledge, Defendant Sisseton, South Dakota ("the City") is a municipality located in Roberts County, South Dakota. The city is a citizen of the State of South Dakota.

4. To the best of Plaintiffs' knowledge, Defendant Dr. David Staub ("Dr. Staub") is a resident of Sisseton, Roberts County, South Dakota. Dr. Staub is a citizen of the State of South Dakota.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, and it is between citizens of different states.

6. Venue in the United States District Court for the District of South Dakota is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims and causes of action occurred in this judicial district, and because the Defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## FACTS

7. Dr. Staub created the Association in 1982 and, through the Association, raised funds to construct the Pool, which was originally intended to be turned over to the City for operation after construction was completed.

8. Dr. Staub has been involved in the Association as a Director since its founding, and he has been the President of the Association since at least 1987.

9. In 1992, the Association amended its Articles of Incorporation to change the duration of the Association to perpetual. The Association was originally intended to endure until construction was completed and the City took over the Pool's operation.

10. Based on Plaintiffs' information and belief, the Pool is funded by a combination of contributions from the Association, Dr. Staub personally, and the City.

11. In recent years, the City has allocated $35,000.00 of its budget to fund the Association to run the Pool. This is approximately two-thirds of the annual operating budget of the Pool.

12. During certain months of the year, including the summer months, the Pool is open to the public.

13. The City provides yearly funding to the Pool. The City also participates in the day-to-day operation of the pool, jointly with the Association and Dr. Staub. Further, the City oversees and monitors the operation of the Pool by, among other things, insisting upon access to the Pool's Profit and Loss Budget Overview, participating in the allocation of funds from the Association's budget, and requesting and reviewing information regarding the Pool's operations.

14. In 2017, the City's Risk Management survey conducted by the City's insurance provider, South Dakota Public Assurance Alliance, deemed the Sisseton Swimming Pool a "Population to Protect."

15. On July 14, 2019, S.C. and her family attended an event called "Celebrate Sisseton Days," which is an annual event organized by the City.

16. On July 14, 2019, the Pool held an open swimming session for the community of Sisseton as part of "Celebrate Sisseton Days."

17. On July 14, 2019, S.C. and her younger sister, C.C., along with their mother, went to the Pool and swam. Numerous other members of the public also swam at the Pool during the open swim session, including children.

18. On or about the evening of July 15, 2019, S.C. began to feel unwell. She developed gastrointestinal symptoms the following day, July 16, 2019, including abdominal cramps and diarrhea. This illness, described in more detail below, would later be confirmed as an *E. coli* O157:H7 infection.

19. On or about the date that S.C.'s symptoms began, other children in the Sisseton area who, like S.C., swam at the Pool on July 14, 2019, during the "Celebrate Sisseton Days" event, would also become ill with severe gastrointestinal symptoms. In total, at least four children who swam at the Pool on July 14, 2019, are known to have developed gastrointestinal symptoms within several days of July 14, 2019.

20. All Defendants in this action were served with written notice of the time, place, and cause of S.C.'s injury within 180 days after the injury occurred on or about July 14, 2019, in compliance with SDCL 3-21-2. Dr. Staub received written notice via certified mail

on October 31, 2019. All other Defendants received written notice via certified mail on October 21, 2019.

### *E. coli* O157:H7 Infection and Hemolytic Uremic Syndrome

18. *Escherichia coli* is the name of a common family of bacteria, most members of which do not cause human disease. *E. coli* O157:H7 is a specific member of this family that can cause bloody diarrhea (hemorrhagic colitis) in humans. In the years since *E. coli* O157:H7 was first identified as a cause of diarrhea, this bacterium has established a reputation as a significant public health hazard.

19. *E. coli* O157:H7 lives in the intestines of cattle and other ruminants. *E. coli* O157:H7 is also notable among pathogenic bacteria for its extremely low infectious dose—that is, the number of bacteria necessary to induce infection in a person. While for most pathogenic bacteria it takes literally millions of bacterial colonies to cause illness, it is now known that fewer than 50 *E. coli* O157:H7 bacteria can cause illness in a child. The practical import is that even a microscopic amount of exposure can trigger a devastating infection.

20. The most severe cases of the *E. coli* O157:H7 infection occur in young children and in the elderly, presumably because the immune systems in those age populations are the most vulnerable. After a susceptible individual ingests *E. coli* O157:H7, the bacteria attach to the inside surface of the large intestine and initiates an inflammatory reaction of the intestine. What ultimately results is the painful bloody diarrhea and abdominal cramps characteristic of the intestinal illness.

21. The mean incubation period (time from ingestion to the onset of symptoms) of *E. coli* O157:H7 is estimated to be two to four days (range, 1-10 days). Typically, a patient

with an acute *E. coli* O157:H7 infection presents with abdominal cramps, bloody diarrhea, and vomiting. The duration of diarrhea in children with *E. coli* O157:H7 infections are significantly longer than that of adults.

22. *E. coli* O157:H7 can produce a wide spectrum of disease from mild, non-bloody diarrhea, to severe bloody diarrhea accompanied by excruciating abdominal pain to life-threatening complications. In most infected individuals, the intestinal illness lasts about a week and resolves without any long-term effects. Antibiotics do not appear to aid in combating these infections, and recent medical studies suggest that antibiotics are contraindicated for their risk of provoking more serious complications. Apart from good supportive care, which should include close attention to hydration and nutrition, there is no specific therapy.

23. About 10% of individuals with *E. coli* O157:H7 infections (mostly young children) go on to develop hemolytic uremic syndrome (HUS), a severe, potentially life-threatening complication. The essence of the syndrome is described by its three central features: destruction of red blood cells, destruction of platelets (those blood cells responsible for clotting), and acute renal failure due to the formation of micro-thrombi that occlude microscopic blood vessels that make up the filtering units within the kidneys.

24. There is no known therapy to halt the progression of HUS. The active stage of the disease usually lasts one to two weeks, during which a variety of complications are possible. HUS is a frightening illness that even in the best American medical facilities has a mortality rate of about 5%. The majority of HUS patients require transfusion of blood products and develop complications common to the critically ill.

**S.C.'s Illness and Medical Course**

25. S.C. began to feel unwell in the evening on July 15, 2019. She developed diarrhea and abdominal cramps the following day. Less than 24 hours later, her symptoms of diarrhea became bloody.

26. S.C.'s parents brought her to Sanford Fargo Medical Center for treatment on or about July 17, 2019.

27. S.C.'s illness was ultimately confirmed to be due to infection by *E. coli* O157:H7. She developed hemolytic uremic syndrome (HUS) and suffered severe and permanent kidney injury, requiring dialysis to save her life. She continued on dialysis until December of 2019, and had her hemodialysis port removed on December 30, 2019. She is also expected to require serial kidney transplantations over her lifetime.

28. S.C. was hospitalized for her acute *E. coli* O157:H7 infection and HUS illness from July 17, 2019, to September 11, 2019, at various medical facilities. In addition to kidney failure, which is ongoing, S.C. suffered from a cervical arterial bleed, severe colitis, pancreatitis, and other severe and life-threatening complications from her HUS illness.

29. With respect to her dialysis treatments, S.C.'s parents drove her four hours each way from their home in West Fargo twice weekly for three-hour dialysis sessions at University of Minnesota Masonic Children's Hospital in Minneapolis.

30. Currently, S.C.'s treatment team estimates that her kidneys are functioning at approximately 25%. She is required to undergo lab work every two weeks, and receives Eculizumab (Solaris) infusions to treat her HUS.

31. S.C. has missed almost an entire semester of school due to her illness caused by the *E. coli* infection.

32. S.C. was determined by South Dakota public health professionals to be one of numerous cases of *E. coli* O157:H7 infection among persons who swam at the Pool on July 14, 2019.

33. As a direct and proximate result of the injury caused by the *E. coli* contamination at the Pool, S.C. has sustained injuries and trauma, including, permanent, irreversible, and severe kidney injury. She now suffers from chronic, progressive kidney injury that will progress to end stage kidney disease (ESKD) and will ultimately require multiple kidney transplantations during her lifetime. As a result, she is at significantly increased risk of cardiovascular disease and related complications as well. S.C. has suffered severe and permanent physical and emotional injury as a result of her *E. coli* O157:H7 infection. Additionally, S.C. has experienced pain and suffering, loss of enjoyment of the capacity of life, past and future medical costs and expenses, and other general and special damages.

## COUNT I
### *Negligence*
### *(All Defendants)*

34. Plaintiffs hereby re-allege all previous paragraphs of this Complaint and hereby incorporate them as if fully set forth herein.

35. The Association, the City, and Dr. Staub owed a duty of care to S.C. to exercise ordinary care in operating and maintaining a safe swimming pool for all pool invitees.

36. At the time of S.C.'s injury, on or about July 14, 2019, Defendants negligently and carelessly departed from the proper standard of care by, among other things, failing to maintain proper Pool water chemistry including effective sanitizer levels, failing to properly inform the public invitees of measures necessary to avoid pathogenic bacterial contamination of the Pool water, and failing to take measures to eliminate the specific risk of pathogenic *E. coli* contamination of the Pool water, which caused S.C., a pool attendee, to become infected and fall severely ill.

37. As a direct and proximate cause of Defendants' negligence, S.C. has sustained injuries, including, but not limited to, personal injuries; past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; past and future medical costs and expenses; and other general and special damages; all of which are compensable under South Dakota law.

38. Dr. Staub should be held personally liable for the negligent actions of the Sisseton Swimming Pool Association in allowing the Pool to become contaminated with *E. coli*. Sufficient reasons exist to hold Dr. Staub personally liable for the acts of the Association as a corporation.

## COUNT TWO
### *Premise Liability*
### *(All Defendants)*

39. Plaintiffs hereby re-allege all previous paragraphs of this Complaint and hereby incorporate them as if fully set forth herein.

40. S.C. was a public invitee on Defendants' property. She was a member of the public who was invited to enter or remain at the Pool for the purpose for which the Pool is held open to the public, which is swimming recreation.

41. Defendants owed S.C. a duty of exercising reasonable or ordinary care for her safety.

42. Defendants breached their duty of reasonable care for S.C.'s safety on or about July 14th, 2019, by, among other things, failing to maintain proper water chemistry including effective sanitizer levels, failing to properly test water for key chemical parameters, failing to properly deal with fecal accidents in the pool, failing to properly inform the public invitees of measures necessary to avoid pathogenic bacterial contamination of the water, failing to properly educate and instruct Pool staff, and failing to take measures to eliminate the specific risk of pathogenic *E. coli* bacterial contamination of the Pool.

43. As a direct and proximate cause of Defendants' breach of their duty, S.C. has sustained injuries, including, but not limited to: personal injuries; past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress;; past and future medical costs and expenses; and other general and special damages; all of which are compensable under South Dakota law.

**WHEREFORE,** Plaintiffs respectfully pray for damages against the Defendants as follows:

(1) For S.C.'s compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For S.C.'s costs and disbursements herein;

(3) For prejudgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 24th day of January, 2020.

        **HEIDEPRIEM, PURTELL SIEGEL & HINRICHS, L.L.P.**

        BY /s/ Matthew A. Tysdal
        Scott N. Heidepriem (scott@hpslawfirm.com)
        Matthew A. Tysdal (matthew@hpslawfirm.com)
        Shad E. Christman (shad@hpslawfirm.com)
        Hannah K. Purtell (hannah@hpslawfirm.com)
        101 West 69th Street, Suite 105
        Sioux Falls, SD 57108
        (605) 679-4470

        **MARLER CLARK**
        Bill Marler (bmarler@marlerclark.com)
        Bruce Clark (bclark@marlerclark.com)
        Drew Falkenstein (dfalkenstein@marlerclark.com)
        1012 First Avenue, Fifth Floor
        Seattle, WA 98104
        (206) 407-2207

        *Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

        /s/ Matthew A. Tysdal
        Matthew A. Tysdal

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTOPHER CAMERON and KATIE CAMERON, as Guardians Ad Litem for S.C., a minor,

**(b)** County of Residence of First Listed Plaintiff   Cass County, ND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Heidepriem, Purtell, Siegel & Hinrichs, LLP, 101 W. 69th St., Sioux Falls, SD 57108, 605-679-4470

## DEFENDANTS
SISSETON SWIMMING POOL ASSOCIATION, INC., CITY OF SISSETON, SOUTH DAKOTA, and DAVID STAUB

County of Residence of First Listed Defendant   Roberts County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)
Brief description of cause:
Negligence and Premises Liability relating to Plaintiff Sadie Cameron's injury from contracting E. coli

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   01/24/2020
SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Reset ]